**Doug MARTIN, an individual, Plaintiff—Appellee,**

v.

**ARROW ELECTRONICS, INC., a corporation, Defendant—Appellant.**

**Doug Martin, an individual, Plaintiff—Appellant,**

v.

**Arrow Electronics, Inc., a corporation, Defendant—Appellee.**

Doug Martin, an individual,
Plaintiff—Appellee,

v.

Arrow Electronics, Inc., a corporation,
Defendant—Appellant.

Nos. 06–56452, 06–56538, 06–56674.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 2009.

Filed May 29, 2009.

Anthony L. Lanza, Esq., Lanza & Goolsby, Irvine, CA, Sharon J. Arkin, Esq., Arkin & Glovsky, Lake Forest, CA, for Plaintiff–Appellee.

Gary E. Scalabrini, Gibbs, Giden, Locher & Turner, Los Angeles, CA, for Defendant–Appellee.

Before: B. FLETCHER, FISHER and GOULD, Circuit Judges.

MEMORANDUM *

Defendant–Appellant–Cross Appellee Arrow Electronics ("Arrow") appeals a jury verdict, the district court's partial grant of its motion for judgment as a

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

matter of law, the district court's refusal to amend the language on the special verdict form, and the grant of attorneys' fees to the Plaintiff. Plaintiff–Appellee–Cross Appellant Doug Martin ("Martin") cross appeals the district court's allowance of Arrow's amendment during trial of the pleadings and pretrial order and its partial grant of Arrow's motion for a judgment as a matter of law. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court in all respects.

■ The district court did not err in allowing Arrow to amend the pleadings and the pretrial order, even assuming the manifest injustice standard in Federal Rule of Civil Procedure 16(e) applies. *See Byrd v. Guess*, 137 F.3d 1126, 1131–32 (9th Cir.1998) (superseded by statute on other grounds). Before Martin's trial testimony was presented, Arrow did not know the key fact that Martin had received money from an Arrow customer as a result of Martin's brokering deals for Arrow's goods, and it did not exhibit bad faith in failing to discover this evidence earlier. In our view, Arrow would have been prejudiced had it not been allowed to present the after-acquired evidence affirmative defense to the jury. Although the district court could have balanced the relevant factors identified in *Byrd*, 137 F.3d at 1132, differently, we cannot say that its decision was an abuse of discretion.

■ The district court did not err in granting Arrow's motion for judgment as a matter of law and in setting aside the jury's finding that Martin would not have been fired as a matter of settled company policy. *See Murillo v. Rite Stuff Foods, Inc.*, 65 Cal.App.4th 833, 77 Cal.Rptr.2d 12, 19 (Ct.App.1998). Every Arrow executive who testified was emphatic that Martin would have been fired because his conduct was egregious and clearly in violation of the company's ethical standards. Martin did not produce any evidence that

called into question that Arrow would have fired any employee caught accepting $150,000 in payments from a customer in exchange for providing access to Arrow components. *See Thompson v. Tracor Flight Sys.*, 86 Cal.App.4th 1156, 104 Cal. Rptr.2d 95, 107 (Ct.App.2001). Thus, the jury's verdict was not supported by substantial evidence. *See Watec Co. v. Liu*, 403 F.3d 645, 651 n. 5 (9th Cir.2005).

■ The district court did not err by declining to bar all damages under the after-acquired evidence doctrine. California courts have consistently stated the after-acquired evidence doctrine may serve as a complete or partial defense to an employee's wrongful discharge claim. *See, e.g., Murillo*, 77 Cal.Rptr.2d at 17; *Cooper v. Rykoff–Sexton, Inc.*, 24 Cal.App.4th 614, 29 Cal.Rptr.2d 642, 644 (Ct.App.1994). Like the Supreme Court in *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362–63, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995), California courts balance the equities in deciding how the defense affects the plaintiff's relief. *See, e.g., Murillo*, 77 Cal. Rptr.2d at 18–21. We conclude that the district court appropriately balanced the equities here. It did not, as Arrow argues, apply federal common law, but looked to a relevant Supreme Court decision that the California courts have repeatedly cited when discussing this doctrine and the appropriate remedy. *See id.*

■ The district court did not err in fashioning the special verdict form. "Verdict forms are, in essence, instructions to the jury," *United States v. Reed*, 147 F.3d 1178, 1180 (9th Cir.1998), and we consider them taken as a whole and viewed in context of the entire trial. *See Gracie v. Gracie*, 217 F.3d 1060, 1067 (9th Cir.2000). The jury instructions, and specifically Instruction 25, adequately characterized Arrow's defense and the relevance of the May 10 date, and Arrow had the opportunity to argue its theory to the jury during

closing arguments. Had the jury accepted Arrow's argument, it could have answered "Yes" to the first question on the verdict form and "No" to the second question. The wording of those questions did not foreclose acceptance of Arrow's defense, so the district court's decision not to include temporal questions on the special verdict form was not an abuse of discretion. *See United States v. 20832 Big Rock Drive*, 51 F.3d 1402, 1408 (9th Cir.1995).

■ The district court did not err in denying Arrow's motion for judgment as a matter of law on whether Martin was a qualified individual under California's Fair Employment and Housing Act ("FEHA"). There was ample evidence to support the jury's findings that Martin's mental disorder limited his ability to work, *see* Cal. Gov.Code § 12926(i)(1)(B), and that he could perform the essential functions of his job, with or without reasonable accommodation, *see Green v. State*, 42 Cal.4th 254, 64 Cal.Rptr.3d 390, 165 P.3d 118, 123 (2007). Martin testified that his performance prior to May 10, 2002 was affected by his mental health and that Arrow executives and human resource department employees were aware of his difficulties; Dr. Salter testified that by November 2, 2001, Martin was experiencing panic attacks and anxiety disorder; and Martin's 2001 employee evaluation was the worst in his career, providing objective corroboration of his impairment. Although Martin's doctors did not allow him to go back to work following his May 10 panic attack, they expected that he would be able to return to work in July and testified that absent Martin's June 2002 termination and the resulting decrement in his mental and emotional health, Martin could have returned to Arrow with minimal or no accommodation in several alternative positions.

■ The district court did not err in denying Arrow's motion for judgment as a

matter of law on Martin's failure to accommodate claim under FEHA. Based on the June 17, 2002 letter notifying Martin his position was being eliminated (which was described in the fax cover sheet as a "Notice of Layoff"), the jury reasonably could have found Arrow failed to accommodate Martin by terminating him without first determining if he could perform other jobs with or without accommodation, *see Nadaf–Rahrov v. Neiman Marcus Group*, 166 Cal.App.4th 952, 83 Cal.Rptr.3d 190, 214, 222 (Ct.App.2008), or by not extending his leave of absence and offering him a different job upon return, *see id.* at 220; *Hanson v. Lucky Stores, Inc.*, 74 Cal. App.4th 215, 87 Cal.Rptr.2d 487, 494 (Ct. App.1999). Arrow easily could have discussed alternative jobs and other possible accommodations with Martin through Dr. Salter as his proxy.

■ We also affirm the district court's award of attorneys' fees because Martin is a prevailing party. *See* Cal. Gov.Code § 12965(b).

**AFFIRMED.**